# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **SETH TAYLOR,** | ) | |
| **#331874,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:17-cv-01359** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **v.** | ) | |
| | ) | |
| **D.C.S.O,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Seth Taylor, an inmate of the Metro-Davidson County Detention Facility in Nashville,

Tennessee, filed this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the D.C.S.O.

(Davidson County Sheriff's Office), Sheriff Darren Hall, and Warden Harold Taylor, alleging

violations of the Plaintiff's civil rights based on a recent outbreak of scabies at the facility. (Doc.

No. 1). As relief, the Plaintiff seeks "to be compensated for pain and suffering, and mental damages

sustained during [his] time of incarceration." (Id. at 6).

The complaint is before the Court for an initial review pursuant to the Prison Litigation

Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.      PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint

filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or

seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly

requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary

1

dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.    Section 1983 Standard

Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983.    Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights,

privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under § 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law.  <u>Tahfs v. Proctor</u>, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III.    Alleged Facts

According to the complaint (Doc. No. 1) and the supplement to the complaint filed by the Plaintiff on October 25, 2017 (Doc. No. 3), the Plaintiff was exposed to scabies[1] while incarcerated at the Metro-Davidson County Detention Facility in Nashville, Tennessee.  The complaint alleges that, when the Plaintiff sought treatment for small bed rumps "inflamed with pus" in October of 2016, a nurse prescribed the Plaintiff a hydrocortisone cream and told him that he was experiencing an allergic reaction to wool, despite his insistence that he was suffering from scabies or bed bites. (<u>Id.</u> at 1).  After using the prescribed cream for weeks and receiving no relief, the Plaintiff sought additional medical treatment for his worsened symptoms.  The complaint alleges that the Plaintiff's condition had become so severe that he was "literally scratching [his] skin off . . . ." (<u>Id.</u> at 2).  The Plaintiff filed several medical complaints because he could not sleep comfortably, and he experienced problems urinating due to the severe itching.

In December of 2016, an outside physician visited the facility, examined the Plaintiff, and diagnosed him with scabies.  He prescribed pills for the Plaintiff, who was then isolated from the other inmates.  Over the course of the next four weeks, the Plaintiff was treated two or three additional times for scabies.

---

[1]Scabies "is not an infection, but an infestation.  Tiny mites . . . set up shop in the outer layers of human skin. The skin does not take kindly to the invasion.  As the mites burrow and lay eggs inside the skin, the infestation leads to relentless itching and an angry rash."  www.webmd.com/skin-problems-and-treatments/ss/slideshow-scabies-overview (July 13, 2017).

**IV.    Analysis**

The Eighth Amendment to the United States Constitution imposes upon a county an obligation to provide its inmates with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care.  See Grubbs v. Bradley, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982).  The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment.  See Bellamy v. Bradley, 729 F.2d 416, 419 (6th Cir. 1984).

The Court takes judicial notice of the fact that the Metro-Davidson County Detention Facility experienced an outbreak of scabies in 2016 and 2017.[2]  The outbreak of an infectious condition creates an unhealthy environment.  See Charles Norris v. Core Civic Inc., No. 3:17-cv-01150 (M.D. Tenn. Sept. 7, 2017)(Crenshaw, J.)(Doc. No. 5 at 3); Darnell v. Vaughn, No. 3:17-cv-01146 (M.D. Tenn. Sept. 18, 2017)(Trauger, J.)(Doc. No. 6 at 2-3).

The complaint names the Davidson County Sheriff's Office as a Defendant to this action. However, the Davidson County Sheriff's Office is not a suable entity under § 1983.    See  Mathes v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.")(collecting cases)).    Thus, the Plaintiff's claims against the Davidson County Sheriff's Office must be dismissed.

Giving this *pro se* complaint a liberal construction, as the Court must during the initial screening required by the PLRA, the Court could construe the Plaintiff's complaint as an attempt to state claims against Davidson County, Tennessee.  While Davidson County is a suable entity, it

---

[2]See Nick Caloway, Scabies Outbreak Spreads to Men's Jail; Lawsuit Filed Against Contractor, http://wkrn.com/2017/06/12/scabies-outbreak-spreads-to-mens-jail-lawsuit-filed-against-contractor/

is responsible under § 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (internal citations and quotation marks omitted). Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. Burgess v. Fisher, 735 F.3d 462, 478 (6th Cir.2013) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); Regets v. City of Plymouth, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting Slusher v. Carson, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. Burgess, 735 F.3d at 478.

Liberally construing the instant *pro se* complaint, Plaintiff alleges that Davidson County's policies, implemented by the Davidson County Sheriff and the Warden of the Metro-Davidson County Detention Facility, are responsible for the Plaintiff's injuries caused by the scabies outbreak. Of course, what the Plaintiff claims are policies may not be policies and may not have resulted in the deprivation of the Plaintiff's constitutional rights. However, these particulars can be sorted out during the development of this case. For purposes of the required PLRA initial screening of the Plaintiff's claims, the Court finds that the complaint states non-frivolous Eighth Amendment claims against Davidson County, Tennessee, Sheriff Darren Hall, and Warden Harold Taylor related to the 2016-17 scabies outbreak at the Metro-Davidson County Detention Facility in Nashville, Tennessee.

**V.     Conclusion**

In conclusion, the Court finds that the complaint states colorable Eighth Amendment claims pursuant to § 1983 against Davidson County, Tennessee, Sheriff Darren Hall, and Warden Harold Taylor as set forth above.  However, the Plaintiff's claims against the Davidson County Sheriff's Office fail to state a § 1983 claim upon which relief can be granted; those claims will be dismissed. 28 U.S.C. § 1915A.

An Order was entered on November 1, 2017 (Doc. No. 4.)

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE