UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| SETH TAYLOR, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 3:17-1359 |
| v. | ) | Chief Judge Crenshaw/Brown |
| | ) | |
| DARREN HALL, SHERIFF, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**TO:  The Honorable Waverly D. Crenshaw, Jr.,**
 **Chief United States District Judge**

### REPORT AND RECOMMENDATION

Presently pending in this matter are motions by Sheriff Hall and Warden Taylor to dismiss all claims against them in their individual capacities and to substitute the Metropolitan Government of Davidson County (Metro) as the defendant for any claims against Sheriff Hall or Warden Taylor in their official capacities (Docket Entries 15 and 21). For the reasons stated below, the Magistrate Judge **RECOMMENDS** that these motions be **GRANTED** and that Metro be listed as the sole defendant in this case.[1]

### BACKGROUND

The plaintiff filed his complaint on November 11, 2017, alleging that he suffered from an outbreak of scabies while a prisoner at the Davidson County Detention Center overseen by Sheriff Hall and Warden Taylor (Docket Entry 1). The case was subsequently reviewed by the District Judge for compliance with the Prison Litigation Reform Act (PLRA) (Docket Entries 4 and 12).[2]

---

[1]Metro has now accepted service (DE 28) and will be filing pleadings within 21 days of that notice.

[2]It appears that inadvertently the memorandum that should have accompanied the order was not filed with the order on November 1, 2017. It was subsequently filed on June 19, 2018 (Docket Entry 12). Because the

On June 22, 2018, Sheriff Hall filed a motion to dismiss (Docket Entry 15). In the motion (At footnote 1), Metro acknowledges that the Metropolitan Government is now a defendant. Likewise, in Warden Taylor's motion to dismiss filed on July 20, 2018 (Docket Entry 21 at footnote 1), he contends that although the Metropolitan Government is now a defendant, they have not been served.[3] The facts of the complaint are set forth in the District Court's memorandum (Docket Entry 12 at III) and will only be briefly summarized here for ease of review. The plaintiff alleged that beginning on or about October 25, 2017, he was exposed to scabies while incarcerated at the Metropolitan Detention Facility in Nashville, Tennessee. He alleged that when he sought treatment for red bumps "inflamed with puss" in October of 2016. The nurse prescribed hydrocortisone cream and told the plaintiff he was experiencing an allergic reaction to wool. He contended that despite using the cream for weeks, he received no relief and his symptoms worsened. He alleged that he was literally scratching his skin off and that he filed several medical complaints because he could not sleep and experienced problems urinating due to the sever itching. He alleged that in December 2016 an outside physician visited the facility and diagnosed him with scabies. He was then prescribed pills and isolated from other inmates. He was treated 2 or 3 additional times over the next few weeks for scabies.

The District Court found that liberally construing the plaintiff's pro se complaint that he had sufficiently alleged a Davidson

---

memorandum was not contemporaneously filed with the order, the fact that the Court found in its memorandum that the plaintiff had initially stated non-frivolous 8th Amendment claims against Davidson County, Davidson County was not formally listed as a defendant, and although Sheriff Hall and Warden Taylor were served, Metro was not separately served.

Warden Taylor's motion is improperly captioned as a motion by Sheriff Hall.

County policy implemented by the Sheriff and Warden and were responsible for the plaintiff's injuries caused by the scabies outbreak. The District Court noted that what the plaintiff claims are policies may not be policies and may not have resulted in the deprivation of the plaintiff's constitutional rights. The Court noted that these particulars would be sorted out during the development of the case.[4]

## LEGAL ANALYSIS

**I. Legal Standard.** In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. V. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin, Corp.*, 281 F.3d 613, 619 96th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "'a short and plain statement of the claim' that will five the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rest." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

A complaint's allegations, however, "must be enough to raise a right to relief above the 5 speculative level." *Bell Atlantic Corp. v.*

---

[4]In his complaint at page 5, the plaintiff noted that he would like to be added to a class action lawsuit involving the outbreak of scabies. The class action that the plaintiff is undoubtedly referring to is the case of *Snead, et al. v. CoreCivic of Tennessee*, LLC, 3:17-cv-0949. Judge Trauger has certification of the scabies class which is defined to include all **former** inmates of the Metro Detention Facility. Since the plaintiff is still incarcerated, he would not be a member of that class.

*Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. At 1950.

**II. Legal Discussion.** In both motions, the defendants urge that the plaintiff has failed to allege enough facts to hold them liable for an individual claim against them under 42 U.S.C. § 1983. (1983). In order to hold an individual personally liable for a 1983 claim, the plaintiff must show that each defendant was personally involved in the alleged constitutional deprivations. "Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman* at 647. Section 1983 liability cannot be premised solely on the theory of *respondeat superior* or the right to control employees. *Hays v. Jefferson City*, 668 F.2d. 869, 872 (6th Cir. 1982). Supervisory officials are not liable in their individual capacities unless they "either encourage the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson City* at 874.

Applying these legal standards to the plaintiff's complaint, it is clear that he has failed to sufficiently allege a claim against either Sheriff Hall or Warden Taylor in their individual capacities. The actual misconduct alleged is a failure to diagnose and treat by CoreCivic and

CoreCivic's employees. The plaintiff did not sue Core Civic or more critically the specific CoreCivic employees who failed to treat him.

The plaintiff in his responses to the motions (Docket Entries 18 and 26) fails to point out anything in his complaint that alleges personal action by either defendant. Allegations that they failed to properly oversee the medical staff is simply insufficient to hold them personally liable. Warren v. Metropolitan Government of Nashville, 2015 WL 3417844 (M.D. Tenn. 2015).

## RECOMMENDATION

As stated above, the Magistrate Judge RECOMMENDS that the claims against Sheriff Hall and Warden Taylor in the individual capacities be DISMISSED with prejudice, and that Metro be substituted as the sole defendant in this matter for claims against Sheriff Hall and Warden Taylor in their official capacities.

The parties have fourteen (14) days after being served with a copy of this Report and Recommendation ("R&R") to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

Entered this 15th day Of January, 2019

/s/  Joe B. Brown
JOE B. BROWN
United States Magistrate Judge