# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **SETH TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:17-cv-1359** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **D.C.S.O., ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Plaintiff brings claims related to a scabies outbreak at the Davidson County Detention Center, which is overseen by Defendants Sheriff Daron Hall and Warden Harold Taylor. Before the Court is a Report and Recommendation (Doc. No. 29) in which the Magistrate Judge recommends granting Motions to Dismiss brought by Defendants Hall and Taylor (Doc. Nos. 15; 21). Specifically, the Magistrate Judge concludes that Plaintiff has failed to allege sufficiently the requisite personal involvement by either Hall or Taylor to maintain Section 1983 claims against them in their individual capacities, because the misconduct Plaintiff alleges is failure to diagnose and treat by CoreCivic and its employees (who are not Defendants in this action) with whom Hall and Taylor were not personally involved. The Magistrate Judge further concludes that, because the Metropolitan Government of Nashville and Davidson County ("Metro") has accepted service and is now a defendant in this action, it is appropriate to dismiss the claims against Hall and Taylor in their official capacities. No objections have been filed.[1]

---

[1] The Report and Recommendation was initially returned as undeliverable to the Court. However, Plaintiff filed a change of address, and the Report and Recommendation was re-mailed to the new address with the full period for filing objections allowed.

After review of the Complaint and relevant authority, the Court concurs with the Magistrate Judge's analysis. Regarding the individual capacity claims, "a supervisory official's failure to supervise, control or train [an] offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (internal quotation marks omitted). Stated differently, allegations of "personal involvement" are required to pursue a claim against a supervisor. Miller v. Calhoun Cty., 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a [Section] 1983 plaintiff must [allege] that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." Grinter v. Knight, 532 F.3d 567, 575 (6th Cir. 2008). The Complaint clearly alleges that the medical personnel of the Detention Center did not respond to his needs. Plaintiff does not allege that Hall or Taylor – non-medical personnel who supervise the Detention Center at the highest level – had any knowledge of or participation in this allegedly unconstitutional conduct.

Concerning the official capacity claims, it is axiomatic that an official capacity suit is, "in all respects other than a name, to be treated as a suit against the [governmental] entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also, e.g., Warren v. Metro. Gov't of Nashville, Civil No. 3:14-cv-2373, 2015 WL 3417844, at *8 (M.D. Tenn. May 27, 2015) (observing that, "as employees of Metro," the police officer defendants had "no official capacity in which they can be sued"). Here, Hall and Taylor are Metro officials, and Metro has voluntarily entered the case as the proper defendant for Plaintiff's official capacity claims.

Accordingly, the Report and Recommendation (Doc. No. 29) is **APPROVED AND ADOPTED**. The Motions to Dismiss of Defendants Hall and Taylor (Doc. Nos. 15; 21) are **GRANTED**. The claims against Defendants Hall and Taylor in their personal capacities are

**DISMISSED WITH PREJUDICE**. The Metropolitan Government of Nashville and Davidson County is **SUBSTITUTED** as the proper defendant for the claims against Hall and Taylor in their official capacities.[2] Hall and Taylor are therefore dismissed from this action.

This case is returned to the Magistrate Judge for further case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Clerk is **DIRECTED** to add Metro as the remaining defendant in this case.